O'REILLY v. BENJAMIN HARRIS CO., Inc.

(District Court, S. D. New York. January 26, 1918.)

PATENTS ☞328—INFRINGEMENT—POLICE WHISTLE.

The O'Reilly patent, No. 1,094,006, for a police whistle, *held* not infringed.

In Equity. Suit by Joseph J. O'Reilly against the Benjamin Harris Company, Incorporated. Decree for defendant.
Affirmed 259 Fed. 578, —— C. C. A. ——.

Frank M. Franklin, of New York City, for complainant.
Max D. Ordmann, of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This is a suit for infringement of patent No. 1,094,006 to Joseph J. O'Reilly for a policeman's whistle. I find nothing in the prior art which bears strongly on complainant's device. In the patent to Burt, No. 1,002,493, and to Hatch, No. 649,576, different sounds are produced by the vibration of columns of air in chambers of different sizes. These patents would bear upon the defendant's rather than the complainant's whistle. The latter produces different notes by the vibration of reeds of different sizes. This is done either by having the disk, as appears to be the case in complainant's device, not perfectly circular in form, or by having it not exactly centered in the whistle.

The expert has testified that a very slight difference in the orifice between the edge of the disk and the inside of the whistle will make a substantial difference in sound. Though this is not disputed, the trouble with his position is that the difference in the size of the orifice on each side of the disk is so slight in defendant's whistle that it is difficult to perceive, while in complainant's whistle, both as shown in the patent and as exhibited at the trial, there is a substantial and appreciable difference. The expert insisted that the difference in the size of the chambers in defendant's whistle was not sufficient to create the difference in sound, and argued that it must therefore be due to differences in the size of the reed, in spite of the fact that such differences appeared very slight, if existent at all. He did not, however, demonstrate to me that the shortening of one of the chambers in defendant's whistle caused by the tongue when supplemented by the narrowing caused by the protruding into it of the convex side of the longitudinal partition would not together make a difference in the relative sizes of the two chambers to account for the differences in sounds.

Furthermore, when defendant's whistle was cut down above the tongue, so as to leave each chamber of equal length, and the thumb was used as a stop, the variance between the two sounds of the whistle was apparently much lessened as compared with that of the normal whistle. This would indicate that the diminution in size of one of the sound chambers, and not difference in size of the reeds, caused the duplex sound in defendant's whistle. Under these circumstances it is

impossible for me to say that the defendant does not produce the two tones of his whistle by sound chambers of varying sizes, rather than by the vibration of reeds of different radii.

The bill is dismissed, because no infringement has been established, but without costs.